McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Alexander R. Morrow, #341052
  *alexander.morrow@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant GEICO
GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WAWANESA GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GEICO INSURANCE GENERAL INSURANCE COMPANY, a corporation, WHITNEY TYLER REQUA, an individual, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**[Accompanying Documents: Declaration of James P. Wagoner]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD, AND TO OTHER DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, Defendant GEICO GENERAL INSURANCE COMPANY (erroneously sued herein as "GEICO INSURANCE GENERAL INSURANCE COMPANY") (hereinafter "GEICO GENERAL") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV12916, to the United States District Court for the Central District of

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

1
NOTICE OF REMOVAL

California.

Removal is proper for the following reasons:

## I. RELEVANT FACTUAL BACKGROUND

### A. Proceedings In the Superior Court

1. On April 18, 2022, Plaintiff WAWANESA GENERAL INSURANCE COMPANY ("Plaintiff" or "WAWANESA") filed its Complaint in the action entitled *Wawanesa General Insurance Company v. Geico Insurance General Insurance Company, Whitney Tyler Requa, and Does 1 to 50*, in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV12916 (the "Complaint"), naming as defendants GEICO GENERAL, WHITNEY TYLER REQUA ("REQUA"), and DOES 1 to 50. *See* Declaration of James P. Wagoner Exhibit ("Wagoner Decl. Ex.") A.

2. On April 20, 2022, Plaintiff served the Complaint on Defendant GEICO GENERAL. *See* Wagoner Decl. Exs. C, H.

3. Defendant GEICO GENERAL is informed and believes that Defendant REQUA has been served, but that no "DOE" defendants have been served as of this date. *See* Wagoner Decl. Ex. I.

4. The Complaint arises from a September 2, 2018 incident in which WAWANESA's insured, Jeremiah Chua, was riding as a passenger in a golf cart driven by GEICO GENERAL's named insured, Defendant REQUA, when allegedly, "due to [REQUA]'s negligence, careless and/or inattention," the vehicle fell on its side. Mr. Chua apparently suffered head injuries and a broken finger. In its Complaint, WAWANESA alleges that it paid $102,497.50 in uninsured motorist benefits to Mr. Chua plus "attorneys fees" because GEICO GENERAL improperly denied coverage under its policy issued to Defendant REQUA.

5. In its Complaint, WAWANESA asserts claims for (1) Equitable Contribution as to all Defendants; (2) Contractual Subrogation as to all Defendants; and (3) Declaratory Relief as to all Defendants. WAWANESA prays for (1) damages

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2
NOTICE OF REMOVAL

to be assessed at trial, not less than $102,497.50; (2) costs of suit; (3) attorneys' fees; (4) prejudgment interest; (5) declaratory relief; and (6) "such other and further relief as may be just and proper." *See* Wagoner Decl. Ex. A.

### B. Removal Jurisdiction

6. The action is one of which the district courts of the United States have original jurisdiction on the basis of diversity of citizenship under the provisions of 28 U.S.C. § 1332(a)(1). The action is subject to removal to this Court by Defendant GEICO GENERAL pursuant to the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1446 in that it is a civil action between citizens of different States in which the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based."

7. As more fully discussed below, Defendant GEICO GENERAL alleges that Defendant REQUA has been fraudulently misjoined as Defendant to this action and does not have an actual interest in the outcome of this action as to GEICO GENERAL in that, as more fully explained below, there are two occurrences or transactions involved consisting of (1) the accident involving Defendant REQUA, and (2) the alleged failure of GEICO GENERAL on behalf of Mr. Requa to compensate Mr. Chua for its alleged injuries under its policy. *See* Section G, Joinder and Consent, *infra*.

### C. Citizenship

8. For diversity purposes, a natural person is a resident of the State in which he or she is domiciled, *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904), and "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," *Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010).

9. At both the time the Complaint was filed and as of the date of the filing

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
NOTICE OF REMOVAL

of this Notice of Removal, Plaintiff WAWANESA was and is a corporation incorporated under the laws of the State of California with its principal place of business in Manitoba, Canada.

10. At both the time the Complaint was filed and as of the date of the filing of this Notice of Removal, Defendant GEICO GENERAL was and is a corporation incorporated under the laws of the State of Maryland, with its principle place of business located in the State of Maryland.

11. At both the time the Complaint was filed and as of the date of the filing of this Notice of Removal, Defendant REQUA was and is a resident of the State of California.

### D. Amount in Controversy

12. This civil action is being removed to this Court on the basis that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. Defendant GEICO GENERAL denies that it is liable for any of the damages alleged by Plaintiff. Nevertheless, based on the foregoing, it is clear that Plaintiff seeks an amount in excess of the jurisdictional minimum amount in controversy.

### E. Timeliness of the Removal Petition

14. On April 20, 2022, Plaintiff served the Complaint on Defendant GEICO GENERAL. *See* Wagoner Decl. Ex. H.

15. This Notice of Removal is filed within 30 days of April 20, 2022, when Plaintiff's Summons and Complaint was served on Defendant GEICO GENERAL within the meaning of 28 U.S.C. § 1446(b)(1).

### F. Initial Venue

16. Venue is proper in the United States District Court, Central District of California, because the action was filed in the Superior Court of the State of California, County of Los Angeles. *See* 28 U.S.C. §§ 1441(a), 1446(a).

### G. Joinder and Consent

17. Defendant GEICO GENERAL is informed and believes that Defendant REQUA has been served with the Complaint in this action. *See* Wagoner Decl. Ex. I; *see also Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1087 (9th Cir. 2014) (removing party may allege issues for removal on information and belief). However, Defendant REQUA has not appeared in this action as of the date of this Notice of Removal. *C.f. id.*

18. As of the date of this removal, there is no actual case or controversy which implicates both Defendants GEICO GENERAL and REQUA because "there [are] two occurrences or transactions": (1) the accident involving Defendant REQUA, and (2) the alleged failure of GEICO GENERAL, on behalf of Mr. Requa, to compensate Mr. Chua for his alleged injuries under its policy. *Pena v. McArthur*, 889 F.Supp. 403, 406 (E.D. Cal. 1994); *Gruening v. Sucic*, 89 F.R.D. 573, 574 (E.D. Pa. 1981); *Beaulieu v. Concord Group Ins. Co.*, 208 F.R.D. 478, 480 (D.N.H. 2002); *Rodriguez v. Cruz*, 2005 WL 8163227, at *2 (D.S.C., Sept. 1, 2005); *Hinrichs v. Burwell*, 2021 WL 1341083, at *4 (W.D. Wash., Feb. 23, 2021); *see also HVAC Sales, Inc. v. Zurich American Ins. Group*, 2005 WL 2216950, at *7 (N.D. Cal., July 25, 2005).

19. Thus, this Court should disregard the joinder of Defendant REQUA under the doctrine of "fraudulent misjoinder." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder … 'is a term of art.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Under the doctrine, "joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the Plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation marks omitted).

20. Federal courts have applied the fraudulent misjoinder doctrine in three

situations: (1) where there is no possibility that Plaintiff can prove a cause of action against the resident (non-diverse) defendant, (2) where there is outright fraud in pleading jurisdictional facts (e.g., false statements regarding party's citizenship), and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also* Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 2:671 (2002) ("The term 'fraudulent' is not used in the tort sense. No intent to deceive or other 'bad' motive on Plaintiff's part need be shown.").

21. Notwithstanding Plaintiff's allegation in its Complaint filed on April 18, 2022, there is no common controversy between WAWANESA and both REQUA and GEICO GENERAL, thereby rendering Defendant REQUA "fraudulently misjoind" in the action. This is demonstrated by WAWANESA's allegations in its Complaint which seek contribution and subrogation from GEICO GENERAL for failing to pay benefits to Mr. Chua under its policy, a controversy which is unrelated to any potential liability which REQUA may have to Mr. Chua, to whom WAWANESA is subrogated, for negligence arising from the underlying accident. *See Pena*, 889 F. Supp. at 406 ("[T]here were two occurrences or transactions—the automobile accident between plaintiff and McArthur and the alleged breach of fiduciary duty by State Farm in handling plaintiff's claim. These are two distinct torts (negligence and bad faith claim) committed by different defendants at different times, and they resulted in the invasion of separate legal interests. Additionally, there is no allegation that the named defendants acted in concert or that McArthur knew of State Farms alleged misconduct. Accordingly, joinder is improper."); *Gruening*, 89 F.R.D. at 574 ("There were two distinct torts committed by different defendants at different times, and they resulted in the invasion of separate legal interests."); *Beaulieu*, 208 F.R.D. at 480 ("The reasoning of *Pena* and *Gruening* applies with even greater force to the

instant case. Plaintiff's claims against Concord Group and Huang seek remedies for deprivations of two separate legal interests—contractual coverage for accidents caused by underinsured motorists, and a remedy for alleged negligent driving."); *Rodriguez*, 2005 WL 8163227, at *2; *Hinrichs*, 2021 WL 1341083, at *4; *see also HVAC Sales*, 2005 WL 2216950, at *7 (joinder under circumstances stated in *Pena* is valid under state law but invalid under Federal Rules of Civil Procedure); *see also Morris,* 236 F.3d at 1067–68 (removing defendants are "entitled to present the facts showing the joinder to be fraudulent" and a Court may "pierce" the pleadings and consider "summary judgment"-type evidence).

22. GEICO GENERAL has now been "joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim[s] against [GEICO GENERAL have] no real connection" to any claims against REQUA. *See Triggs*, 154 F.3d at 1287. There is no joint, several, or alternative liability for any of the claims which Plaintiff is currently asserting. Like the Defendants in *Pena*, *Gruening*, and *Beaulieu*, WAWANESA seeks two separate "remedies for deprivations of two separate legal interests [from GEICO GENERAL and REQUA]— contractual coverage for accidents caused by underinsured motorists, and a remedy for alleged negligent driving." *Beaulieu*, 208 F.R.D. at 480. Thus, under the doctrine of "fraudulent misjoinder," the Court should disregard the joinder of REQUA as a defendant and consider this action to be diverse pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. *Morris*, 236 F.3d at 1067.

23. On the above bases, Defendant GEICO GENERAL alleges that Defendant REQUA has been fraudulently joined. Therefore, REQUA has not been properly "joined" in this action such that his consent or joinder to this removal is not required under 28 U.S.C. § 1446 (b)(2)(A). *See id.* (presence of a fraudulently joined non-diverse "defendant is ignored for the purposes of determining diversity").

24. As such, GEICO GENERAL requests that WAWANESA's action against REQUA be severed pursuant to Federal Rule of Civil Procedure 21 which this

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7
NOTICE OF REMOVAL

Court may do "at any time, on just terms." *See Pena*, 889 F. Supp. at 407. Upon severance, it is submitted that the action between WAWANESA and REQUA should be remanded to State Court as there is no diversity of citizenship between those parties.

## II. CONCLUSION

Wherefore, GEICO GENERAL prays that this action be removed to the United States District Court, Central District of California, from the Superior Court of the State of California, County of Los Angeles and that WAWANESA's action against Defendant REQUA be severed pursuant to Rule 21.

Dated: May 20, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ James P. Wagoner

James P. Wagoner
Alexander R. Morrow
Attorneys for GEICO GENERAL INSURANCE COMPANY

8400616.1