Exhibit "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 04/18/2022 02:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams Deputy Clerk

Case 2:22-cv-03438-RGK-JPR   Document 1-2   Filed 05/20/22   Page 2 of 9   Page ID #:13

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Zahra H. Aziz, SBN 297339
MATTHIESEN, WICKERT & LEHRER, S.C.
1851 East First Street, Suite 1150
Santa Ana, CA 92705
Phone: (800) 637-9176
Fax:    (262) 673-3766
Email zaziz@mwl-law.com

*Attorneys for Plaintiff*
WAWANESA GENERAL INSURANCE COMPANY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| WAWANESA GENERAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> GEICO INSURANCE GENERAL INSURANCE COMPANY, a Corporation, WHITNEY TYLER REQUA, an individual, and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No.  22STCV12916 <br><br> **COMPLAINT FOR:** <br><br> **1. EQUITABLE CONTRIBUTION** <br> **2. CONTRACTUAL SUBROGATION** <br> **3. DECLARATORY RELIEF** <br><br> Unlimited Jurisdiction Case <br><br> Jury Trial Demanded |

Plaintiff WAWANESA GENERAL INSURANCE COMPANY (hereinafter "Plaintiff"), complains and alleges as follows:

### PARTIES

1.      At all times mentioned herein, Plaintiff was and is, at all times relevant hereto, doing business as an insurer under the laws of the State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant GEICO GENERAL INSURANCE COMPANY (hereinafter "DEFENDANT" or "GEICO") was and is, at all times relevant hereto, a corporation authorized to conduct business under the laws of the State of California.

- 1 -

3.     Plaintiff is informed and believes, and thereon alleges, that Defendant WHITNEY TYLER REQUA ("REQUA") was and is, at all times relevant hereto, a resident of the city of Los Angeles, County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 50, are persons, corporations, or other entities which reside in California, or are authorized to do business in the State of California. The true names and identities of DOES 1 through 50 are currently unknown to the Plaintiff and Plaintiff therefore prays for leave to amend this Complaint to assert the proper names of DOE defendant once their identity is discovered.

5.     Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is in some way responsible for, participated in, or contributed to the matters of which Plaintiff complains and has legal responsibility for those matters.

6.     The true names and capacities of Defendant DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues them by such fictitious names. Does 1 through 50, inclusive, are believed to be insurers responsible in some manner for the damages alleged herein. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of the fictitiously named Defendants when their names have been ascertained. Plaintiff is informed, believes, and on that basis alleges that each Defendant designated as "DOE" is legally responsible in some manner for the acts, occurrences, damages, and liabilities alleged in this Complaint, and actively and proximately caused or contributed to the various injuries and damages referred to in this Complaint.

7.     Defendants GEICO, REQUA, and DOES 1 through 50 are referred to herein collectively as "Defendants."

## JURISDICTION & VENUE

8.     This Court has personal jurisdiction over the Defendants, and each of them, as they are at all relevant times hereinafter mentioned Defendants resided, were incorporated, headquartered and/or engaged in business or the business of selling and/or placing insurance products in the State of California.

9.     Venue as to Defendants is proper in this judicial district pursuant to Code of Civil

- 2 -

Procedure § 395, because Defendant entered into the contracts within this district.

10.     This Court has subject matter jurisdiction over this matter as the amount in controversy exceeds $25,000.

**COMMON ALLEGATIONS**

11.     On September 2, 2018, the Plaintiff's Insured Chua, was riding as a passenger in a golf cart, DEFENSE VEHICLE, operated by Defendant REQUA.

12.     Due to REQUA's negligence, careless, and/or inattention, the DEFENSE VEHICLE fell on its side (the "ACCIDENT").

13.     As a result of the accident, Plaintiff's Insured Chua suffered serious injuries to numerous body parts, including but not limited to, his head, broken fingers, and tendon damage to his right hand.

14.     At all relevant times mentioned herein, Defendant REQUA had an insurance/ auto coverage with Defendant GEICO (Policy No. 4321483663).

15.     Plaintiff's Insured Chua demanded that Plaintiff pay UMBI benefits to him for his injures and other claims related to the ACCIDENT.  Thereafter, Plaintiff made a UMBI payment of $102,497.50 to its Insured Chua on or about September 17, 2021. Therefore, Plaintiff incurred approximately $102,497.50 in damages and additional costs due to the negligence of Defendant GEICO's Insured, REQUA.

16.     PLAINTIFF is informed and believes, and on that basis alleges that at the time that Plaintiff paid benefits in the amount of $102,497.50, there was in effect a GEICO policy of insurance covering REQUA.

17.     Plaintiff has requested that Defendant GEICO  reimburse and/or contribute to Plaintiff for the payment that Plaintiff had to make for the negligence of Defendant GEICO's Insured REQUA.  Defendant GEICO  has denied Plaintiff's request for pro-rata reimbursement or any reimbursement at all.

18.     Plaintiff alleges and believes that there is a present controversy between Plaintiff and Defendants GEICO and REQUA. Plaintiff seeks a judicial determination of the respective rights, duties, and obligations of Plaintiff and Defendants GEICO and REQUA, and their

4 COMPLAINT

successors, as those rights, duties and obligations relate to the ACCIDENT involving Plaintiff's Insured Chua on September 2, 2018. Plaintiff seeks equitable contribution, contractual subrogation, and declaratory relief from Defendants GEICO and REQUA and their successors, to the extent that Plaintiff may have been or will be deemed obligated to pay amounts for the defense and/or indemnity and/or settlement of the injury accident suffered by Plaintiff's Insured Chua that should have been paid, in whole or in part, by Defendants GEICO and REQUA and/or their successors.

## THE POLICIES

19.     Plaintiff made, executed, and delivered one or more policies of automobile insurance to Insured Jeremy Chua. (Wawanesa Policy No./ Claim No. 1739150.)

20.     Based on information and belief, DEFENDANT GEICO, executed, and delivered one or more policies of auto liability insurance to Defendant REQUA that provided insurance coverage for Defendant REQUA at the time of the ACCIDENT. (GEICO Policy No. 4321483663).

## FIRST CAUSE OF ACTION

## EQUITABLE CONTRIBUTION

## (Against All Defendants)

21.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference as though set forth in full.

22.     Pursuant to the terms and conditions of the Wawanesa Policy and subject to a reservation of its rights, Plaintiff provided underinsured motorist benefits to Chua, for the bodily injury damages suffered in the INCIDENT.  Plaintiff incurred and paid attorney's fees, as well other costs, and contributed to the settlement for the benefit of Chua.

23.     Defendant GEICO, and any successors, were obligated to pay damages on behalf of their Insured Defendant REQUA for the injuries caused by Defendant REQUA TO Plaintiff's Insured, Chua.

24.     Accordingly, under the law and the doctrine of equitable contribution, Plaintiff is entitled to equitable contribution from Defendant REQUA and Defendant GEICO and its successors, and each of them, of its equitable share of the attorneys' fees, and other costs paid by

1   Plaintiff to pay Chua for underinsured benefits for injuries stemming from the INCIDENT.

2     25. Accordingly, under the law and the doctrine of equitable contribution, Plaintiff is

3   entitled to equitable contribution from Defendant REQUA and Defendant GEICO and its

4   successors, and each of them, of its equitable share of the settlement contribution paid by Plaintiff

5   to pay Chua for underinsured benefits for injuries stemming from the INCIDENT.

6     26. Since an actual controversy now exists between the parties concerning Plaintiff's

7   right to equitable contribution from Defendants, and each of them, judicial determination is

8   necessary and appropriate.

9   **SECOND CAUSE OF ACTION**

10   **CONTRACTUAL SUBROGATION**

11   **(Against All Defendants)**

12     27. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding

13   paragraphs and incorporates them herein by reference as though set forth in full.

14     28. Pursuant to the Conditions of the Wawanesa Policy, Wawanesa has all rights of

15   subrogation, and is entitled to all rights and remedies which the insured, Chua, would have had

16   against any person or property in respect to the SUBJECT INCIDENT.

17     29. Pursuant to the terms and conditions of the Wawanesa Policy, Plaintiff contributed

18   to settlement of uninsured/ underinsured motorist benefit claim of Jeremiah Chua. Plaintiff incurred

19   and paid approximately $102,497.50 in damages and additional costs due to the negligence of

20   Defendant GEICO's Insured, REQUA.

21     30. Based on information and belief, Defendant GEICO, its agents and/or successors

22   failed and refused to pay any portion of Chua's demand for benefits and/or other associated costs.

23     31. Thus, Plaintiff was forced to pay significant sums on behalf of its Insured Chua in

24   uninsured/ underinsured motorist benefits, even though Defendant REQUA and his Insurer

25   Defendant GEICO was primarily liable for the costs to pay Jeremiah Chua's demand.

26     32. Defendant GEICO, its agents and/or successors, had the primary obligation to pay

27   the demand for benefits made by Chua, yet refused and failed to participate in or pay any sums

28   associated with the settlement of Chua's demand.

33.     Defendant GEICO, its agents and/or successors, should be adjudged responsible for and ordered to pay settlement contribution, and other costs incurred by Plaintiff in paying the settlement benefits for the uninsured/underinsured motorist claim made by Jeremiah Chua.

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against All Defendants)**

34.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs and incorporates them herein by reference as though set forth in full.

35.     A dispute has arisen and an actual controversy now exists between Plaintiff and Defendant GEICO, and each of them, concerning their respective rights and duties, in that Plaintiff contends it is entitled to contribution and subrogation from Defendants by virtue of Defendants, and each of them, improper refusal to participate in the defense and/or indemnification and/or settlement of Jeremiah Chua's demand for benefits.

36.     Plaintiff is informed, believes, and on that basis alleges that Defendant GEICO, their successors, and each of them, deny the above contention and contend that Plaintiff is not entitled to equitable contribution and/or subrogation from any and all Defendants.

37.     A declaration of rights is necessary and appropriate at this time in order that Plaintiff may ascertain its rights and duties because no adequate remedy, other than as prayed for, exists by which the rights of the parties may be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, on each and every cause of action, as follows:

A.     An award of damages in an amount to be determined at trial, including actual and consequential damages, not less than $102,497.50;

B.     All costs of suit incurred herein;

C.     Attorney's fees as permitted by statute or contract;

D.     Pre-judgment interest as provided by law;

- 6 -

E.    Declaratory Relief; and

F.    An award of such other and further relief as may be just and proper.


Dated: April 18, 2022                    **MATTHIESEN, WICKERT & LEHRER, S.C.**



By: _____
      Zahra H. Aziz, Esq.
      Attorneys for Plaintiff
      WAWANESA GENERAL INSURANCE
      COMPANY

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

Dated: April 18, 2022                    **MATTHIESEN, WICKERT & LEHRER, S.C.**

By: _____
                    Zahra H. Aziz, Esq.
                    *Attorneys for Plaintiff*

- 8-

COMPLAINT